**SIGNED this 14th day of March, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

STEVE A. MCKENZIE,

        Debtor;

No. 08-16378
Chapter 7

C. KENNETH STILL, Trustee,

        Plaintiff,

v.

Adversary Proceeding
No. 11-1116

GRANT, KONVALINKA, & HARRISON, P.C.

        Defendant.

1

**MEMORANDUM**

In this adversary proceeding the Plaintiff, C. Kenneth Still, Trustee ("Trustee" or "Plaintiff") has filed an objection to the claim filed by defendant Grant Konvalinka & Harrison, P.C. ("GKH" or "Defendant"). He has also filed claims (a) pursuant to 11 U.S.C. § 547 to set aside the transfer of security interests in a number of limited liability companies and partnerships owned in whole or in part by Steve A. McKenzie (the "Debtor") and (b) pursuant to 11 U.S.C. § 548(a) to avoid an obligation incurred by the Debtor to pay for the legal services of entities in which the Debtor had an interest. Finally, his complaint includes a claim to subordinate GKH's claim pursuant to 11 U.S.C. § 510. [Doc. No. 1].[1]

All of these claims were brought more than two years after the Trustee was appointed. GKH has raised the defense that these claims are barred by the statute of limitations under 11 U.S.C. § 546(a). The Trustee previously filed a motion for partial summary judgment on the issue of the applicability of the statute of limitations. [Doc. No. 19]. On October 29, 2012, the court granted the motion and found that the Trustee's claims based on sections 547 and 548 were not barred by the statute of limitations. The court based its ruling on a finding that the court had previously found "that compelling equitable considerations existed to apply equitable tolling to the Trustee's avoidance claims raised in this adversary proceeding." [Doc. No. 35, Memorandum on Trustee's Motion for Partial Summary Judgment, at 3]. Applying the law of the case to the motion for summary judgment, the court granted the Trustee's motion for partial summary judgment.

In the court's prior ruling on GKH's motion for relief from the stay, a contested matter filed in the main bankruptcy case, the court found that equitable tolling principles applied to toll

---

[1] All docket entry reference numbers refer to docket entries for Adversary Proceeding No. 11-1116, unless otherwise noted.

the statute of limitations. *See* [Bankr. Case No. 08-16378, Doc. No. 1605, *In re McKenzie*, No. 08-16378, 2011 WL 6140516 (Bankr. E.D. Tenn. Dec. 9, 2011)]. In that ruling from December of 2011, the court concluded, "that GKH's conduct related to the assertion of its security interest in this case rises to the level of a compelling equitable consideration that would allow the court to apply the doctrine of equitable tolling. Therefore, the possibility of the trustee avoiding the security interest remains, and the motion for relief will be denied." *In re McKenzie*, 2011 WL 6140516 at *34.

On December 23, 2011 GKH appealed this court's ruling on the motion for relief to the district court, and the district court affirmed. *See In re McKenzie*, No. 11-cv-192, 11-cv-274, 11-cv-025, 2012 WL 4742708 (E.D. Tenn. Oct. 2, 2012). The district court found that "the bankruptcy court did not abuse its discretion in deciding to equitably toll the statute of limitations." *Id.* at *11. It further found that "the bankruptcy court acted in accordance with the law when it decided to equitably toll the statute of limitations." *Id.* at *12. GKH appealed the district court's decision on its motion for relief to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed this court's opinion, but declined to rule on this court's decision on equitable tolling of the statute of limitations. *See Grant, Konvalinka & Harrison, P.C. v. Still (In re McKenzie)*, 737 F.3d 1034 (6th Cir. 2013). The Court noted, "because we have concluded that the bankruptcy court properly allowed the Trustee to use his avoidance powers defensively after the expiration of the statute of limitations, we need not decide whether the bankruptcy court's alternative holding constitutes reversible error." *Id.* at 1043.

On November 7, 2012 GKH sought leave to appeal the court's ruling on the Trustee's motion for partial summary judgment invoking the law of the case doctrine in this adversary proceeding. *See* [Doc. Nos. 55, 56]. On August 6, 2013 the District Court for the Eastern District

of Tennessee denied GKH's motion for leave to appeal as being interlocutory. *See* [Doc. No. 89]. For purposes of this opinion, the court adopts its ruling on the motion for partial summary judgment and will not address GKH's defense that the avoidance claims and the objection to the GKH claim's secured status are barred by the statute of limitations. The court bases this decision on its prior determinations that the statute of limitations was equitably tolled, both in its ruling on the Trustee's motion for partial summary judgment through the doctrine of the law of the case and its ruling on GKH's motion for relief in the main bankruptcy case, as well as the district court's decision affirming that determination in GKH's appeal relating to the motion for relief.

The parties now wish the court to rule on the remaining issues in the case based on their stipulations. To that end, on February 3, 2014, the parties filed a joint stipulation regarding the remaining facts in the case. [Doc. No. 99]. At a scheduling hearing held on February 4, 2014, the parties asked the court to enter a judgment on the remaining issues in the case based on those stipulations.

The court has considered the stipulations and the applicable law and now makes the following findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. For the reasons explained *infra*, the court will sustain the Trustee's objection to the claim on the two bases that (1) the fees for the legal services rendered were substantially less than the amount claimed and that (2) the Debtor's obligation to pay for the services provided to entities in which he had an interest was an avoidable obligation. As to the security interests securing the remaining claim, the court determines that the Plaintiff has fulfilled his burden of proof to demonstrate that the transfers of those security interests were avoidable transfers pursuant to 11 U.S.C. § 547. Based on the contents of the stipulations and responses of counsel at the February 4th hearing, the

Trustee is no longer pursuing his claim for equitable subordination pursuant to Section 510 for the remaining unsecured claim to which the parties have stipulated.

**I.    Facts**

The parties have stipulated the following:

1. On or about October 18, 2008, Steve A. McKenzie ("McKenzie") executed a Membership Interest and/or Stock Pledge Agreement [("Stock Pledge Agreement")] in which he pledged his interest in 22 entities as collateral to GKH to secure his obligations. (Doc. 1-2).[3]
2. On or about October 24, 2008, McKenzie executed a Promissory Note to GKH promising to pay the principal sum of Seven Hundred Fifty Thousand Dollars ($750,000), together with interest on the principal amount at five percent (5%) per annum (the "Note) for "all legal fees now owing and hereinafter incurred on behalf of" the Debtor or any companies he has an interest in.
3. On or about October 24, 2008, McKenzie executed an Amendment to Membership Interest and/or Stock Pledge Agreement in which he pledged his interest in 40 entities (the "Pledged Interests") (Doc. 1-2 pp. 2-16).[4]
4. On November 20, 2008, an involuntary petition in bankruptcy was filed against McKenzie in the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") and the case was assigned docket number 08-16378.
5. On December 20, 2008, McKenzie filed a voluntary chapter 11 proceeding in the Bankruptcy Court under docket number 08-16987.
6. The cases were consolidated for purposes of administration pursuant to an order entered by the Bankruptcy Court on January 16, 2009.
7. On April 27, 2009, GKH filed a proof of claim as a secured creditor of McKenzie (Doc. 1-1).
8. On February 7, 2011, the Debtor filed an objection to GKH's proof of claim because there were no attachments to the claim and because the Debtor initially claimed that he did not owe the debt individually. (Case No. 08-16378, Doc. 1003-0).
9. On February 9, 2011, GKH amended its proof of claim and attached documents evidencing a security interest in certain parcels of real estate and the Pledged Interests (the "Collateral") (Doc. 1-2), and the Debtor withdrew his objection to GKH's claim. (Case No. 08-16378, Doc. 1111).

---

[3] [The court notes that the Stock Pledge Agreement at Doc. No. 1-2 is dated October 13, 2008, not October 18, 2008.]

[4] Although there were 40 entities listed, the list has Exit 20 Partners, LLC listed twice. In addition, the list includes East Tennessee Interstate Properties, LLC, [("ETIP")], although it has been determined through other litigation that the Debtor owned no interest in ETIP.

10. Still did not contest GKH's claim until filing this Adversary Proceeding against GKH on July 28, 2011. (Doc. 1; *see also* Doc. 35, p. 2).

11. On August 8, 2012, Still filed a motion for partial summary judgment with respect to the issue of whether statute of limitations of 11 U.S.C. § 546(a) with respect to Still's claims pursuant to 11 U.S.C. § 547 and § 548 should be tolled ("Still's Motion for Partial Summary Judgment"). (Doc. 19-0). In support of that motion, Still also filed a Memorandum and alleged Statement of Undisputed Facts. (Docs. 20-21).

12. On August 29, 2012, GKH filed its response to Still's Motion for Partial Summary Judgment (Docs. 22-0 through 22-8) and its responses to Still's alleged Statement of Undisputed Facts (Docs. 23-0 through 23-8) filed in support of Still's Motion for Partial Summary Judgment.

13. The Court entered an Order on October 29, 2012, granting the Trustee's motion for partial summary judgment and ruling that the statute of limitations for the Trustee's claims pursuant to 11 U.S.C. §§ 547 and 548 is tolled based upon the Court's contention that such determination was required under the law of the case doctrine in light of the Court's December 9, 2011 Order Denying GKH's Motion for Relief ("October 29, 2012 Partial Summary Judgment Order"). (Docs. 35 and 36).[5]

14. On November 7, 2012, GKH filed a precautionary notice of appeal and motion for leave to file appeal with respect to the Court's October 29, 2012 Partial Summary Judgment Order ("GKH's Motion for Leave to Appeal"). (*See* Docs. 55 and 56). Although Still did not oppose or object to GKH's Motion for Leave to Appeal, the District Court denied such motion and concluded that the October 29, 2012 Partial Summary Judgment Order was [not] a final appealable order. (Doc. 89).

15. GKH billed for services in the amount of $381,424 for the Debtor or entities in which he had an ownership interest; $124,793 of which was work for the Debtor.

16. The conveyance of the Debtor's interest in the 22 entities pursuant to the October 18, 2008, Pledge Agreement to GKH was:
    a. A transfer of an interest of the debtor in property;
    b. To or for the benefit of a creditor;
    c. Made while the debtor was insolvent;
    d. On or within 90 days of the filing of the Petition in this matter;
    e. That enabled GKH to receive more than it would have received if the case were a case under Chapter 7 and the transfer had not been made;
    f. And, to the extent it was to secure fees for services rendered prior to that date, was on account of an antecedent debt, not in the ordinary course of the business of the Debtor or GKH.

---

[5] At the time the Court entered its October 29, 2012 Partial Summary Judgment Order, GKH's appeal of the Court's December 9, 2011 Order Denying GKH's Motion for Relief had been affirmed by the District Court on October 2, 2012; (*see In re McKenzie*, Nos. 11-cv-192, 11–cv-274, 11-cv-25, 2012 WL 4742708, at *12 (E.D. Tenn., Oct. 2, 2012). GKH's appeal of the Court's Order Denying GKH's Motion for Relief has been adjudicated and this Court's opinion was affirmed. (*See* 6th Circuit Case Nos. 12-6374 and 12-6375).

17. The conveyance of the Debtor's interest in 40 entities pursuant to the October 24, 2008, Amended Pledge Agreement to GKH was:
    a. A transfer of an interest of the debtor in property;
    b. To or for the benefit of a creditor;
    c. Made while the Debtor was insolvent;
    d. On or within 90 days of the filing of the Petition in this matter;
    e. That enabled GKH to receive more than it would have received if the case were a case under Chapter 7 and the transfer had not been made;
    f. And, to the extent it was to secure fees for services rendered prior to that date, was on account of an antecedent debt, not in the ordinary course of business of the Debtor or GKH.

18. If the October 18, 2008, Pledge Agreement, the October 24, 2008, Amended Pledge Agreement and the October 24, 2008, Promissory Note had not been executed, or are avoidable pursuant to 11 U.S.C. § 547, GKH would be entitled to a general, unsecured claim in this case in the amount of $124,793.00 and would be entitled to no other claim.

[Doc. No. 99, Joint Stipulation, ¶¶ 1-18].

## II. Analysis

### A. Objection to Claim

In count one of the Trustee's complaint, he objects to the amount of the claim of GKH. Complaint ¶ 35. He seeks to have the amount of the claim reduced from $750,000 "to the amount of legal fees actually billed to the Debtor." *Id.* The amount of $750,000 is the amount reflected in Claim no. 86-2 filed by GKH. The basis of the claim is stated as being a promissory note "for all legal fees now owing and hereafter incurred on behalf of the Debtor or any companies he has an interest in." [Doc. No. 99, Joint Stipulation, ¶ 2]. The parties have now stipulated that the actual amount of legal fees billed by GKH for services for the Debtor was $124,793 and a total of $381,424 for the Debtor and the entities in which he had an interest. *Id.* at ¶ 15. By the court's calculation, this would indicate that GKH billed $256,631 to the Debtor for services to other entities.

Once the claimant has alleged sufficient facts to support the claim it will be deemed "prima facie" valid. *See In re Kemmer*, 315 B.R. 706, 713 (Bankr. E.D. Tenn. 2004). When a

7

party objects to the claim, that party has the burden of coming forward with some proof that the claim should not be paid. *See id.* The court finds that Stipulations 2 and 15 provide such proof. The note was for services rendered, and at most, only $381,424 in fees were billed to the Debtor. The amount reflected on GKH's amended claim exceeds the amount it actually billed by $368,576. The Trustee has raised a valid objection, and the burden now shifts to GKH to prove its claim. *Id.* The court finds nothing in the stipulations or the attachments to the claim that supports a higher number than $381,424. The court finds that the Trustee's objection to the claim based on the amount of fees billed will be sustained.

### B.      Avoidance of Obligation to Pay for Other Entities

In the second count of the Trustee's Complaint, he seeks to avoid the Debtor's obligation to pay for the services provided not to him individually, but to entities in which he has an interest. As noted above, those fees represent $256,631 of the $381,424 actually billed. [Doc. No. 99, Joint Stipulation, ¶ 15]. The Debtor's obligation to pay those expenses arose from the execution of the promissory note. *Id.* at ¶ 2. No guaranty with an earlier date was attached to the claim, nor has the existence of one been stipulated. The date of the execution of the promissory note was October 24, 2008. *Id.* On November 24, 2008, the involuntary petition was filed. *Id.* at ¶ 4. The Debtor filed a voluntary petition on December 20, 2008. *Id.* at ¶ 5. The parties have stipulated that the Debtor was insolvent on October 24, 2008. *Id.* at ¶ 17.

11 U.S.C. § 548(a)(1)(B) allows a trustee to:

avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
. . . .
(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

8

>   (ii)(I) was insolvent on the date that such transfer was made or such obligation
>   was incurred, or became insolvent as a result of such transfer or obligation;
>   (II) was engaged in business or a transaction, or was about to engage in business
>   or a transaction, for which any property remaining with the debtor was an
>   unreasonably small capital;
>   (III) intended to incur, or believed that the debtor would incur, debts that would
>   be beyond the debtor's ability to pay as such debts matured; or
>   (IV) made such transfer to or for the benefit of an insider, or incurred such
>   obligation to or for the benefit of an insider, under an employment contract and
>   not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B)(i)-(ii). This provision carries no element of intent. *See Newton v. Sims (In re Sims)*, No. 11-3169, 2011 WL 6000852, at *7 (Bankr. E.D. Tenn. Nov. 30, 2011). The Sixth Circuit Bankruptcy Appellate Panel has provided three elements that a trustee must demonstrate in a Section 548(a)(1)(B)(ii)(I) claim: "that the debtor: (1) made a transfer within two years of the bankruptcy filing; (2) received less than reasonably equivalent value in exchange for the transfer; and (3) was insolvent on the date the transfer was made or became insolvent as a result of the transfer." *Southeast Waffles, LLC v. U.S. Dep't of Treasure (In re Southeast Waffles, LLC)*, 460 B.R. 132, 138 (B.A.P. 6th Cir. 2011) (quoting *Russell v. Little (In re Anderson)*, No. 10-5081, 2010 WL 4959948, at *2 (Bankr. E.D. Tenn. Dec. 1, 2010)). The Trustee bears the burden of proving the elements of his claim by a preponderance of the evidence. *In re Wilkinson*, 196 F. App'x 337, 341 (6th Cir. 2006) (burden of proof by preponderance of the evidence for 11 U.S.C. § 548 claim).

The court finds that the Trustee has met his burden of proof as to these three elements. The Debtor incurred the obligation to pay for the legal services of his entities within two years of the bankruptcy filing.

As to reasonably equivalent value, the first question a court must ask in reviewing whether a debtor received "reasonably equivalent value" is whether "the debtor received *any*

9

value for the exchange." *Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 196 F. App'x. 337, 341 (6th Cir. 2006)) (emphasis in original). The time for reviewing the receipt of value is when the transfer is made. *See Allard v. Flamingo Hilton (In re Chomakos)*, 69 F.3d 769, 770 (6th Cir. 1995) (citing *In re Morris Communications NC, Inc.*, 914 F.2d 458, 466 (4th Cir. 1990)). Section 548 defines "value" as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor; . . . ." 11 U.S.C. § 548(d)(2)(A). "In assessing whether a challenged transfer is supported by reasonably equivalent value, courts generally compare the value of the property transferred with the value of that received in exchange for the transfer." *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 707 (6th Cir. 1999)). Further, "'the debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value.'" *Congrove v. McDonald's Corp. (In re Congrove)*, 222 F. App'x. 450, 454 (6th Cir. 2007) (quoting *Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1125-26 (5th Cir. 1993)). Instead, as explained by the Sixth Circuit in *In re Neal*:

> we look to the net effect of the transfer or obligation on the debtor's estate and, more specifically, the remaining funds available to the unsecured creditors. "As long as the unsecured creditors are no worse off because the debtor, and consequently the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred."

*Suhar v. Bruno (In re Neal)*, 541 F. App'x. 609, 611 (6th Cir. 2013) (quoting *In re Congrove*, 222 F. App'x. at 454) (other citations omitted). As this court noted in *Farinash v. O2HR, LLC (In re Magellan Solutions, LLC)*, "[c]ourts may consider fair market value or the elimination of an antecedent debt as factors in this assessment [of reasonably equivalent value]. The concept of 'reasonably equivalent value' need not be 'esoteric,' but instead 'a party receives reasonably equivalent value for what it gives up if it gets 'roughly the value it gave . . . .'" No. 10-01293,

2011 WL 2975921, at *5 (Bankr. E.D. Tenn. July 21, 2011) (quoting *Webb Mtn, LLC v. Executive Realty Partnership, L.P. (In re Webb Mtn, LLC)*, 420 B.R. 418, 433 (Bankr. E.D. Tenn. 2009)). There is no precise "mathematical formula" to apply, but rather a court may consider "the circumstances of each case." *In re Webb Mtn, LLC*, 420 B.R. at 433 (quoting *In re Wilkinson*, 196 F. App'x. at 341-42). Therefore, "[i]n essence, '[a] determination of reasonably equivalent value is 'fundamentally one of common sense, measured against market reality.'" *In re Webb Mtn, LLC*, 420 B.R. at 434 (quoting *Lindquist v. JNG Corp. (In re Lindell)*, 334 B.R. 249, 256 (Bankr. D. Minn. 2005)).

In this case, there is nothing in the stipulations regarding what consideration the Debtor received on account of his promise to assume an additional $256,631 of liabilities that there is no evidence that he previously owed. There is nothing in the Joint Stipulation indicating that any antecedent debt was satisfied by this new obligation. There is nothing stipulated that would lead the court to believe that there was work that was performed after this obligation was incurred that benefited the Debtor or the unsecured creditors of this estate. Therefore, the court concludes that the Debtor did not receive reasonably equivalent value for incurring this obligation.

As to the third element, the parties have stipulated that the Debtor was insolvent on the date he executed the promissory note. [Doc. No. 99, Joint Stipulation, ¶¶ 2, 17]. Therefore, the court finds that the Debtor's obligation to pay for the legal fees incurred by his entities pursuant to the terms of the promissory note was avoidable. Since the obligation is avoidable, the claim of GKH should be further reduced by the amount of services that were provided to entities other than the Debtor. When those fees are deducted, the claim of GKH is reduced to $124,793.

### C. Avoidance of Transfer to Defendant under § 547(b)

Having determined the amount of GKH's claim, the court now turns to the issue of whether it is secured by the Debtor's interests in the Pledged Interests as that term is defined in Joint Stipulation, ¶ 3. Trustee bears the burden of proving the elements of his claim by a preponderance of the evidence. *In re Salamone*, 231 B.R. 628, 634 (Bankr. N.D. Ohio 1999) (burden of proof by preponderance of the evidence for 11 U.S.C. § 547 claim); *Sicherman v. Jelm (In re Harvard Mfg. Corp.)*, 97 B.R. 879, 882 (Bankr. N.D. Ohio Jan. 17, 1989) (same).

11 U.S.C. § 550 allows a trustee to recover property for the benefit of the estate where a transfer of the property has been avoided pursuant to 11 U.S.C. § 547. 11 U.S.C. § 550(a).

The Bankruptcy Code provides in relevant part that:

> . . . the trustee may avoid any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The Trustee bears the burden of proving that the elements of 11 U.S.C. § 547 exist. *See* 11 U.S.C. § 547(g); *Walls v. Gruen Marketing Serv., Inc. (In re Paradise Valley Holdings, Inc.)*, 347 B.R. 304, 309 (Bankr. E.D. Tenn. 2006).

11 U.S.C. § 547(b) serves two purposes: "First, it fosters equality of distribution among creditors, which is one of the primary goals of the Bankruptcy Code. Second, it 'discourages

'secret liens' upon the debtor's collateral which are not perfected until just before the debtor files for bankruptcy.'" *Chase Manhattan Mortgage Corp. v. Shapiro (In re Lee)*, 530 F.3d 458, 463 (6th Cir. 2008) (quoting *Grover v. Gulino (In re Gulino)*, 779 F.2d 546, 549 (9th Cir. 1985)) (other citations omitted).

A summary of the elements needed to be demonstrated in an 11 U.S.C. § 547(b) claim are that the transfer was: "(1) to benefit a creditor; (2) on account of antecedent debt; (3) made while the debtor was insolvent; (4) made within the applicable preference period; and (5) enabled the creditor to receive a larger share of the estate than the creditor would otherwise receive." *In re Controlled Power Corp. of Ohio*, 351 B.R. 470, 474 (Bankr. N.D. Ohio 2006) (citing *In re Carled, Inc.*, 91 F.3d 811 (6th Cir. 1996)).

The parties have stipulated to the existence of each one of these elements. [Doc. No. 99, Joint Stipulation, ¶¶ 16, 17]. Therefore, the court finds that the Trustee has met his burden of proof with respect to all five of the elements of Section 547(b). Accordingly, the court finds that the transfers of the Pledged Interests will be avoided pursuant to 11 U.S.C. § 547, and the Pledged Interests shall be recovered for the estate pursuant to Section 550.

### D.    Subordination Pursuant to Section 510

As an alternative to his claims pursuant to Sections 547 and 548, the Trustee sought to subordinate GKH's claim to those of other creditors pursuant to 11 U.S.C. § 510(c). When questioned at the February 4 hearing about the lack of stipulations with respect to the equitable subordination claim, the counsel for the Trustee indicated that he did not intend to pursue that matter further and the stipulations reflected his consideration of those issues. The Trustee's attorney stated, "We've abandoned complete subordination, all of that, to get to this result." Hearing, Oral Statement of Mr. Jerrold Farinash, February 4, 2014, 10:13 a.m. From those

statements the court concludes that the Trustee has withdrawn his request for equitable subordination, and that issue is no longer before the court.

### III. Conclusion

For the reasons explained *supra*, the Trustee's objection to GKH's claim will be sustained, and GKH's claim will be allowed as an unsecured claim in the amount of $124,793. The transfers of the security interests in the Pledged Interests were preferential transfers and those shall be avoided. Those interests are recoverable by the estate under Section 550. The Trustee's request for equitable subordination shall be dismissed without prejudice.

A separate order will enter.

# # #